**Donnie L. WISHOM, Petitioner–Appellant,**

v.

**Ray ROBERTS, Warden; and Attorney General of Kansas, Respondents–Appellees.**

No. 01–3306.

United States Court of Appeals, Tenth Circuit.

Feb. 6, 2002.

Before EBEL, KELLY and LUCERO, Circuit Judges.

### ORDER AND JUDGMENT*

EBEL, Circuit Judge.

### ORDER

On January 2, 2002, Petitioner Wishom filed a Petition for Rehearing challenging an order and judgment we entered on December 12, 2001. Although we find most of the grounds raised in Wishom's petition unpersuasive, we believe he is correct in arguing that because the district court granted him leave to proceed *in forma pauperis* on December 6, 2001, that issue was moot and should not have been addressed in our December 12 order. Consequently, we grant the Petition for Rehearing in part, withdraw our December 12 order and judgment, and issue the attached order and judgment.

On April 2, 2000, Kansas officials arrested Donnie L. Wishom, the Petitioner Appellant, for violating his probation in Kansas Case No. 99CR855, and on April 21, 2000, a Kansas court revoked Wishom's probation.[1] (Mag. Order & Rec. at 3.) The next day, April 22, 2000, Kansas authorities arrested Wishom for aggravated es-

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Apparently, Wishom signed out of the Sedwick County Residential Center and failed to return. (Dist. Court Pet. at 2.)

cape, a crime for which Wishom was "ultimately convicted." (*Id.*)

On October 12, 2000, a Kansas court sentenced Wishom to eighteen (18) months in prison for his probation violation and thirteen (13) months in prison for his aggravated escape conviction; the court ordered Wishom to serve these sentences consecutively. In sentencing Wishom, the court credited 170 days toward his probation violation sentence for the time Wishom spent in custody between the date of his arrest for aggravated escape (April 22, 2000) and the date of his sentencing (October 12, 2000). The court, however, did not make a similar credit toward his aggravated escape sentence.

Wishom promptly filed a motion to correct his sentences with the Kansas District Court for Sedwick County, arguing that under Kansas law the 170 days should have been credited toward both his probation violation and aggravated escape sentences. (*Id.*) The Kansas district court denied the motion, holding that (1) Wishom had been held for both the probation violation and the aggravated escape charge during the 170 day period and (2) "credit for time served while held on both matters must first be applied to Case No. 99CR855 [the probation violation] and may not be credited toward both matters." (Kansas Dist. Ct. Order.) Wishom then filed a pro se habeas petition with the Kansas Court of Appeals, which was denied, and the Kansas Supreme Court declined to review his case. (Mag. Order & Rec. at 3.)

Following his unsuccessful appeals in the Kansas court system, Wishom sought habeas corpus relief under 28 U.S.C. § 2254 from the United States District Court for the District of Kansas. On May 17, 2001, the district court referred the matter to a federal magistrate judge (May 17 Order), who subsequently recommended that Wishom's petition be denied on the grounds that "the petition seeks to correct alleged errors of state law which do not implicate the United States [C]onstitution." (Mag. Order & Rec. at 5.) The district court affirmed the magistrate judge's order, explaining that "[a]lthough petitioner argues that his constitutional rights under the Fourteenth Amendment to due process and equal protection have been violated, he relies solely upon Kansas statutes and case law as support for his claim." (Sept. 14 Order at 3.) The district court further indicated that its own independent review of case law did not uncover federal authority supporting Wishom's claim. (*Id.* at 3–4.) On October 3, 2001, the district court denied Wishom's request for a certificate of appealability, and on November 16, 2001, Wishom filed an application for a certificate of appealability with this Court.

In his petition before this court, Wishom reasserts many of the same, Kansas-law-based arguments raised before and denied by the district court. (*See* Aplt. Br. at 5, 7, –10, 12.) Wishom also suggests that the district court should have held evidentiary hearings on his claims. Perhaps in response to the magistrate judge's and district court's rulings, Wishom's brief before this Court proffers a few federal decisions in support of his Equal Protection and Due Process Clause claims. (*See id.* at 13–14.) Our review of the cases cited by Wishom, however, indicates that they do not substantiate his constitutional arguments. Nor does our precedent appear to support his claims, given that Wishom's sentence did not exceed the maximum range allowed under state law.[2] (Sept. 14 Order at 14.) *See Vasquez v. Cooper*, 862 F.2d 250 (10th Cir.1988) (rejecting a habeas petitioner's argument that the Equal Protec-

---

**2.** Wishom claims that because the 170 days was not credited toward his aggravated escape sentence, his total sentence exceeded the maximum allowed under Kansas law. (Aplt.

tion and Due Process entitled him to sentence credit for pretrial incarceration when his sentence was within the maximum range allowed under state statute).

As we have indicated before, "we have no authority to consider any error of law unless it violates federal law." *Cummings v. Evans*, 161 F.3d 610, 617 (10th Cir. 1998). Because Wishom's petition, in essence, alleges the sentencing court violated state law—allegations rejected by the Kansas courts—we deny Wishom's request for a Certificate of Appealability.

---

Br. at 15.) This argument misconstrues how we have defined statutory maximums. As we explained in *Vasquez*, "appellate review of a sentence ends once it is determined that the sentence is within the limitations set by statute. The legislature defines the limit of the state's penological interest when it establishes maximum sentences." 862 F.2d at 255 (citations omitted). We further noted in *Vasquez* that "[a]warding 'credit' for presentence jail time is, by its nature, a reduction of the given sentence." *Id.* Thus, the failure to apply a

credit does not convert an otherwise valid sentence into one that exceeds the statutory range.