**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 13 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARTIN EDWARD CAMPBELL,

Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

Respondents-Appellees.

No. 02-2236
(D. New Mexico.)
(D.Ct. No. CIV-01-927-LH/RLP)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Martin Campbell applies pro se[1] for a Certificate of Appealability ("COA")[2] of the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (2003).[3] We deny Mr. Campbell's application for issuance of a COA.

Mr. Campbell was found guilty by a jury in New Mexico state court of second-degree murder and aggravated battery with a deadly weapon, for the killing of Preston Gose. He was sentenced to sixteen years imprisonment for second-degree murder (with a firearm enhancement) and four years for aggravated battery with a deadly weapon (with a firearm enhancement), the sentences to run concurrently. In support of his application, Mr. Campbell asserts a plethora of grounds for relief in his habeas action: (1) trial court error for failing to instruct the jury on voluntary manslaughter and defense of property; (2) trial court error in declining to merge the aggravated battery and second-degree murder counts; (3) trial court error for refusing to credit him for time served under house arrest; (4) ineffective assistance of counsel; (5) prosecutorial misconduct; (6) jury tampering; and (7) evidence tampering.

"[U]ntil a COA has been issued federal courts of appeals lack jurisdiction

---

[1]We liberally construe a pro se petition. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), *cert. denied*, 526 U.S. 1052 (1999).

[2]*See* 28 U.S.C. § 2253(c)(1).

[3]The district court denied Mr. Campbell a COA.

to rule on the merits of appeals from habeas petitioners." *Miller-El v. Cockrell,* ____ U.S. ____, 123 S. Ct. 1029, 1039 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El,* 123 S. Ct. at 1034. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id.* at 1039. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While an applicant for a COA is not required to prove the merits of his or her case, he or she must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id.* at 1040 (internal quotation marks and citation omitted).

First, Mr. Campbell's claim of inadequate jury instructions fails. "Habeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense . . . ." *Brinlee v. Crisp*, 608 F.2d 839, 854 (10th Cir. 1979), *cert. denied,*

444 U.S. 1047 (1980). Evidence was presented at trial that Mr. Campbell beat his victim with a pistol in an apartment, ordered the victim off of the property, and then shot him in the head. *Campbell v. Williams,* No. 01-927 (D.N.M. June 10, 2002) (Magistrate Judge's Proposed Findings and Recommended Disposition, adopted by the district court August 13, 2002). The trial court determined a reasonable person in Mr. Campbell's position would have "cooled off" upon seeing the victim follow his order to leave the property, and that defense of property did not require deadly force. These conclusions did not deprive Mr. Campbell of a constitutionally fair trial. *See Tyler v. Nelson*, 163 F.3d 1222 (10th Cir. 1999).

Second, Mr. Campbell argues the aggravated battery and the second-degree murder charges should have merged. This is a double jeopardy argument, alleging a violation of the Fifth Amendment. The New Mexico Court of Appeals and the United States District Court addressed the argument, holding that Mr. Campbell's acts were not unitary, and thus double jeopardy did not bar the indictment and conviction of these two distinct crimes. *Campbell v. Williams*, No. 01-927 (D.N.M. June 10, 2002). Even if Mr. Campbell's acts were all part of one transaction, the convictions are not barred because they do not fit the double jeopardy test of *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "[W]here the same act or transaction constitutes a violation of two distinct

statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id*. Our review of New Mexico statutes defining aggravated battery and second-degree murder satisfies us that each offense contains an element not present in the other. Aggravated battery is defined as (1) "unlawful touching or application of force," (2) "to the person of another," (3) "with intent to injure." N.M. Stat. Ann. § 30-3-5(A) (2002). Second-degree murder is defined as (1) killing, (2) another human being, and (3) "in performing the acts which cause the death he knows that such acts create a strong probability of death or great bodily harm to that individual or another." *Id*. § 30-2-1(B). This third element of second-degree murder goes beyond the mere intent to injure required for aggravated battery, and as such is a distinct element. The fact that some evidence for these two crimes might overlap does not require double jeopardy to bar one of the convictions. "If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, *notwithstanding a substantial overlap in the proof offered to establish the crimes.*" *Tucker v. Makowski*, 883 F.2d 877, 879 (10th Cir. 1989) (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975) (emphasis in original). Mr. Campbell's acts satisfy this test and his convictions for aggravated battery and second-degree murder are not barred by double jeopardy.

Third, Mr. Campbell asserts he should have received credit for pre-sentence time he remained at home wearing a monitoring device. This is a state law issue, and he has made no showing it amounts to denial of a constitutional right.

Fourth, Mr. Campbell claims he received ineffective assistance of counsel because his attorney did not hire an expert to analyze and testify regarding blood splatter, ballistic tests, and crime scene reconstruction. To prevail on this claim, he must show (1) counsel's performance was objectively deficient, and (2) the deficiency prejudiced the defense, depriving him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mr. Campbell has not demonstrated the outcome of the trial would have been different had an expert been hired. His speculations do not satisfy *Strickland.*

Fifth, Mr. Campbell argues a missing jury questionnaire and seating chart afforded the prosecutor the ability to place jurors where he wanted — "conservatives in front and liberals in back." He also complains the prosecutor should not have asked a defense expert witness how much she was being paid to testify. "[P]rosecutorial misconduct in a state court violates a defendant's right to a fair trial only if the prosecutor's actions 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Nguyen v. Reynolds*, 131 F.3d 1340, 1358 (10th Cir. 1997) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)), *cert. denied,* 525 U.S. 852 (1998). These complaints, even

if true, would not render the trial constitutionally unfair.

Last, Mr. Campbell contends the trial court allowed evidence he claims was fabricated. "State court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *Brinlee*, 608 F.2d at 850. His fabrication argument is pure speculation, and as such, does not establish a fundamentally unfair trial.

With these principles in mind, we have carefully reviewed the record of these proceedings and the magistrate judge's well-crafted order adopted by the district court. We adopt its reasoning, conclude that reasonable jurists would not debate its resolution of the constitutional claims presented, and deny the request for a COA.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge