FILED
United States Court of Appeals
Tenth Circuit

June 15, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

ANTHONY JEROME JOHNSON,

      Petitioner - Appellant,

v.

STATE OF OKLAHOMA; JUSTIN
JONES,

      Respondents - Appellees.

No. 10-6078
(D.C. No. 09-CV-01158-R)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Anthony Johnson, an Oklahoma state inmate proceeding pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. Because we conclude that Mr. Johnson has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

Mr. Johnson currently serves a cumulative state sentence of nineteen years for the crimes of robbery with a firearm and eluding an officer. 1 R. 122. Those sentences run concurrently with his sentence in a federal case. 1 R. 122-23. In

2009, he filed a federal habeas petition seeking credit on his state sentence for time spent in custody awaiting trial on these federal and state charges. 1 R. 8-9, 15-16. Mr. Johnson's federal sentence is not at issue in this petition. 1 R. 123.

The magistrate judge concluded that Mr. Johnson raised only questions of state law and recommended denying his petition. 1 R. 128. The district court adopted the magistrate's recommendation and denied the petition. 1 R. 137-39. Mr. Johnson now seeks a COA from this court and renews his arguments that the state court erred in denying him pre-custody credits. Appl. Br. at 2-4.

We are limited to determining "whether a conviction violated the Constitution, laws, or treaties of the United States." Johnson v. Mullin, 505 F.3d 1128, 1141-42 (10th Cir. 2007) (internal quotation marks omitted). A state court's denial of pre-sentence time credits can pose Fourteenth Amendment issues when the imposed state sentence together with the pre-sentence custody exceeds the statutory maximum. Hall v. Furlong, 77 F.3d 361, 364 (10th Cir. 1996); Vasquez v. Cooper, 862 F.2d 250, 254-55 (10th Cir. 1988). But where a state court sentence and pre-sentence custody total less than the maximum sentence, these Fourteenth Amendment issues are not present. "The period of incarceration [less than the statutory maximum] is necessarily discretionary with the sentencing judge." Vasquez, 862 F.2d at 255. Defendants have "no right to a particular sentence within the statutory limits." Id.

This type of Fourteenth Amendment claim is not present here. Mr. Johnson

has never argued, either in the district court or in this court, that his sentence plus pre-sentence detention exceeds the statutory maximum. In fact, the magistrate, as an alternative holding, concluded that Mr. Johnson received less than the maximum sentence. 1 R. 126-28. Mr. Johnson does not attack this conclusion.

And although Mr. Johnson invokes the Eighth and Fourteenth Amendments, he does not articulate in any way how the state court violated those rights. Appl. Br. at 3. His application for a COA solely argues that the state sentencing court erred when it allegedly refused to credit his pre-custody time. Appl. Br. at 2-4.

A state court's denial of credits for pre-sentence custody is a matter of state law where, as here, the petitioner does not claim that the denial of good time credits exceeds the statutory maximum and where he fails to allege any other constitutional theory. Campbell v. Williams, 66 F. App'x 170, 173 (10th Cir. 2003); Wishom v. Roberts, 37 F. App'x 338, 339-40 (10th Cir. 2002). Because Mr. Johnson asks this court to examine a question of state law, he does not to make "a substantial showing of the denial of a constitutional right." Johnson, 505 F.3d at 1141 (errors of state law alone are not cognizable in habeas).

For the foregoing reasons, we DENY the request for a COA, DISMISS the appeal, and DENY IFP status.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 3 -