**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD JUNIOR HANEY,

      Petitioner - Appellant,

v.

MICHAEL ADDISON, Warden,

      Respondent - Appellee.

No. 07-6269

(W. D. Oklahoma)

(D.C. No. 5:07-CV-00466-F)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

Ronald Junior Haney was convicted by a jury in Oklahoma state court on two counts of making lewd or indecent proposals to a child under 16 after two or more convictions for the same offense. *See* Okla. Stat. tit. 21, § 1123. The jury recommended a sentence of consecutive terms of life in prison without the possibility of parole, which the trial court imposed. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the convictions and sentences on direct appeal. Mr. Haney then filed in the United States District Court for the Western District of Oklahoma a pro se application under 28 U.S.C. § 2254. The district court denied the application, and he now seeks a certificate of appealability (COA) to appeal that denial. *See id.* § 2253(c) (requiring COA to appeal denial of application). The application raises three claims: (1) that he was improperly

charged with making lewd or indecent proposals to a child under 16 instead of the more specific crime of solicitation of child prostitution; (2) that the trial court erred in admitting other-crimes and bad-act evidence; and (3) that his sentences are excessive and disproportionate to his convictions. We deny his request for a COA and dismiss this appeal.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* In determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of the merits." *Id.*

In addition, the Antiterrorism and Effective Death Penalty Act (AEDPA) establishes deferential standards of review for state-court factual findings and legal conclusions. "AEDPA . . . mandates that state court factual findings are

presumptively correct and may be rebutted only by 'clear and convincing evidence.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). If the federal claim was adjudicated on the merits in the state court,

> we may only grant federal habeas relief if the habeas petitioner can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Id.* (quoting 28 U.S.C. 2254(d)(1) and (2)). As we have stated:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets, citations, and internal quotation marks omitted). For those of Mr. Haney's claims that were adjudicated on the merits in state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Mr. Haney claims that he was improperly charged with making lewd or indecent proposals to a child under 16, which carries a maximum life sentence for a third or subsequent conviction, *see* Okla. Stat. tit. 21, § 1123, instead of the more specific crime of solicitation of child prostitution, which carries a maximum 10-year sentence, *see id*. §§ 1029(B), 1031.  He argues that under Oklahoma law a "prosecutor's discretion to charge a defendant with a general crime is curbed when the legislature has passed a more specific statute criminalizing the behavior at issue and there is evidence supporting the elements of both."  Aplt. Br. at 13. The OCCA ruled, however, that the charges against Mr. Haney were proper.  Op. at 3–4, *Haney v. State*, No. F-2005-1123 (Okla. Crim. App., Jan. 30, 2007) (*Haney*).  In any event, whether a prosecutor must proceed under one statute rather than another is a matter of state law, and relief is available under § 2254 only for a violation of federal law.  *See* § 2254(a).  Mr. Haney cites to various provisions of the United States Constitution, but he fails to explain how the charges violated any of these provisions, and we can discern no violation.  No reasonable jurist could debate that the state court's denial of relief was contrary to or an unreasonable application of clearly established federal law.  To the extent that he claims ineffective assistance of counsel because his trial attorney failed to raise this issue, his claim must be denied because the issue lacks merit.  *See Sperry v. McKune*, 445 P.3d 1268, 1275 (10th Cir. 2006) (counsel not ineffective for failing to raise issue when issue lacks merit).

-4-

Next, Mr. Haney argues that the trial court erred in admitting evidence of his prior lewd or indecent proposals to children under 16. He also claims that the court erred in admitting a pornographic picture that was visible to the victims during the charged incident. The OCCA ruled that the evidence was properly admitted (with a limiting instruction). Because we can grant relief only for violations of federal law, we are not concerned with whether admission of the evidence violated state evidence rules. *See Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002). Rather, Mr. Haney must show that admission of the evidence violated constitutional due process by denying him a fair trial. *See id.* He has failed to make that showing. As the OCCA explained, the other-crimes evidence was relevant to prove a common scheme or plan, and the pornographic picture "was so closely connected to the charged offense as to form part of the entire transaction." *Haney* at 9. No reasonable jurist could debate that the OCCA decision affirming the admission of evidence was contrary to or an unreasonable application of clearly established federal law. To the extent that Mr. Haney contends that his trial counsel was ineffective in failing to object to the evidence, he has failed to show prejudice because the evidence was admissible. *See Sperry*, 445 F.3d at 1275.

Mr. Haney also raises three challenges to his sentence. First, he contends that the trial court improperly treated him as a third offender. Under Oklahoma law a "person convicted of a third or subsequent violation of [§ 1123] shall be

-5-

guilty of a felony punishable by imprisonment in the custody of the Department of Corrections for a term of life or life without parole . . . ." Okla. Stat. tit. 21, § 1123(A). In computing the number of prior offenses, the "offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location." *Id.* § 51.1(B). Mr. Haney argues that his prior offenses arose out of a series of events closely related in time. The OCCA rejected this argument, finding five valid prior convictions, each constituting a separate occurrence or transaction. *See Haney* at 12. This finding was a matter of state law, so even if there had been an error, relief would not be available under § 2254. *See Bullock*, 297 F.3d at 1055. No reasonable jurist could debate that the OCCA's application of Okla. Stat. tit. 21, § 51.1(B) was contrary to or an unreasonable application of federal law. To the extent that Mr. Haney claims that his counsel was ineffective for failing to raise this challenge, his claim must be denied because the OCCA would have rejected the challenge.

Second, Mr. Haney contends that the trial court erred in failing to instruct the jury on what is called the 85% Rule: that a person convicted of a felony listed in Okla. Stat. tit. 21, § 13.1, must serve 85% of any sentence imposed before becoming eligible for parole. In reviewing Mr. Haney's claim, the OCCA acknowledged that it had held in *Anderson v. State*, 130 P.3d 273, 278 (Okla. Crim. App. 2006), that "juries should be instructed regarding the 85% Rule." It added, however, that "'[a] violation of *Anderson* is a type of instructional error

[which] we do not automatically reverse . . . but rather determine whether the error resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right.'" *Haney* at 13. (quoting *Carter v. State*, 147 P.3d 243, 244 (Okla Crim. App. 2006)) (brackets and ellipses in *Haney*). The court concluded that "failure to instruct on the 85% Rule did not have a substantial influence on the outcome of the case . . . ." *Id.* at 14. Mr. Haney does not explain how the OCCA's decision was contrary to or an unreasonable application of clearly established federal law. Moreover, the failure of Mr. Haney's lawyer to request an instruction on the 85% Rule did not constitute ineffective assistance of counsel because *Anderson* was not decided until four months after his trial.

Third, Mr. Haney contends that his consecutive life sentences are excessive and disproportionate to his convictions under both the Oklahoma and United States Constitutions. In reviewing this claim on the merits, the OCCA said that it would "not disturb th[e] sentence unless, under the facts and circumstances of the case, it is so excessive as to shock the conscience of the Court." *Id.* at 10. The court found "no basis in law or fact to warrant modification of the sentence." *Id.* at 14. Although the court did not cite to any Supreme Court cases in support of its decision, "neither the reasoning nor the result of [its] decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). In *United States v. Angelos*, 433 F.3d 738, 750 (10th Cir. 2006), we observed:

[T]he Supreme Court has reviewed Eighth Amendment challenges to a number of state and federal sentences, [and] has struck down only two of them over the past century. In *Weems v. United States*, 217 U.S. 349, 367 (1910), the Court invalidated under the Eighth Amendment a sentence of fifteen years in chains and at hard labor, plus permanent surveillance and civil disabilities, for the crime of falsifying a public document. Seventy-three years later, in *Solem v. Helm*, 463 U.S. 277 (1983), the Court invalidated under the Eighth Amendment a sentence of life imprisonment without the possibility of parole imposed under South Dakota law against a nonviolent recidivist whose final crime was writing a "no account" check with the intent to defraud.

"In contrast," we continued, "the Supreme Court has rejected Eighth Amendment challenges to the following sentences:

- A life sentence, with the possibility of parole, under a Texas recidivist statute for successive convictions of (1) fraudulent use of a credit card to obtain $80 worth of goods or services, (2) passing a forged check in the amount of $28.36, and (3) obtaining $120.75 by false pretenses. *Rummel v. Estelle*, 445 U.S. 263, 285 (1980).

- A forty-year sentence for possession and distribution of 9 ounces of marijuana. *Hutto v. Davis*, 454 U.S. 370, 375 (1982).

- A life sentence, without the possibility of parole, for possession of more than 650 grams of cocaine. *Harmelin*[ *v. Michigan*, 501 U.S. 957, 1005 (1991)].

- A twenty-five year to life sentence imposed under a California recidivist statute for the offense of felony grand theft (i.e., stealing three golf clubs worth approximately $1,200). *Ewing*[ *v. California*, 538 U.S. 11, 30–31 (2003)].

- Two consecutive twenty-five-year to life sentences under a California recidivist statute for two counts of petty theft. *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003)."

*Id.* at 750–51. We concluded, "Considered together, these cases clearly support the Supreme Court's . . . statement in *Andrade* that '[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case.'" *Id.* at 751 (quoting *Andrade*, 538 U.S. at 76). Although very harsh, Mr. Haney's sentence is not an "extraordinary case." He is a recidivist offender with multiple convictions for making lewd or indecent proposals to children under 16, and his previous convictions include a felony conviction for kidnapping. No reasonable jurist could debate that the OCCA's affirmance of his sentence was contrary to or an unreasonable application of clearly established federal law.

Because no reasonable jurist could debate the correctness of the district court's ruling, we DENY Mr. Haney's request for a COA and DISMISS this appeal. We DENY Mr. Haney's motion for leave to file a supplemental brief.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge