OSCN Found Document:DANIELS v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 DANIELS v. STATE
2016 OK CR 2
Case Number: F-2014-595
Decided: 02/10/2016
MICA ALEXANDER MARTINEZ, Appellant, v. THE STATE OF OKLAHOMA, Appellee.

Cite as: 2016 OK CR 2, __ __

 


 

SUMMARY OPINION


LEWIS, JUDGE:
¶1 Edwin Jermaine Daniels, Appellant, was convicted of, count one, first degree malice murder in violation of 21 O.S.Supp.2012, § 701.7, count two, shooting with intent to kill in violation of 21 O.S.2011, § 652(A), in Tulsa County district court case number CF-2012-3490, before the Honorable James M. Caputo, District Judge. The jury set punishment at life imprisonment on counts one and two, with a $10,000.00 fine on count two. The trial court sentenced accordingly ordering that the sentences be served consecutively.[1] Daniels perfected an appeal to this Court and raises the following propositions of error.
1. The trial court committed plain error by instructing the jury that a $10,000.00 fine was mandatory upon conviction in count two in addition to imprisonment.
2. The trial court committed plain error in not giving a jury instruction on credibility of informers as to State's witness Damario Adams.
3. The appellant was deprived of effective assistance of counsel.
4. Prosecutorial misconduct during closing argument deprived Appellant of a fair trial.
¶2 After thorough consideration of Daniels' propositions of error and the entire record before us on appeal, including the original record, transcripts, exhibits and briefs, we have determined that the judgments and sentences of the district court shall be affirmed. A recitation of the facts is unnecessary to the resolution of the issues in this case.
¶3 In reaching our decision, with regard to instructional issues raised in propositions one and two, there were no requests for or objections to the specific instructions at issue here, thus we review for plain error only. Barnard v. State, 2012 OK CR 15, ¶ 34, 290 P.3d 759, 769. Plain errors are those errors which are obvious in the record, and which affect the substantial rights of the defendant; that is to say that the error affects the outcome of the proceeding. Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d. 907, 923; Simpson v. State, 1994 OK CR 40, ¶ 30, 876 P.2d 690, 700-01.
¶4 In reviewing the instructions to the jury, this Court will not reverse on instructional error unless the error resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. 20 O.S.2011, § 3001.1; Carter v. State, 2006 OK CR 42, ¶ 5, 147 P.3d 243, 244, (citing Ashinsky v. State, 1989 OK CR 59, ¶ 20, 780 P.2d 201, 207). Moreover, this Court will not reverse based on a faulty jury instruction, provided the instructions, as a whole, accurately state the applicable law. Postelle v. State, 2011 OK CR 30, ¶ 38, 267 P.3d 114, 132.
¶5 Specifically, in proposition one the trial court's instruction informed the jury that the punishment for shooting with intent to kill was punishable with a fine up to $10,000.00, in addition to imprisonment. The instruction did not mandate a $10,000.00 fine as Appellant argues; however, the instruction did, incorrectly, mandate a fine.
¶6 The fine for shooting with intent to kill is found in 21 O.S.2011, § 64, which permits a fine up to $10,000.00, because the specific shooting with intent to kill statute contains no fine provision. Section 64 provides that in a felony case, where "no fine is prescribed by law, the court or a jury may impose a fine on the offender not exceeding Ten Thousand Dollars ($10,000.00) in addition to the imprisonment prescribed." 21 O.S.2011, § 64. Accordingly, the fine is not mandatory, and a proper instruction should have read,
The crime of SHOOTING WITH INTENT TO KILL is punishable by imprisonment in the state penitentiary not exceeding life. In addition, you may also impose a fine not exceeding ten thousand ($10,000.00) dollars.
¶7 In this case, the jury chose to give the maximum $10,000.00 fine, when they could have rendered much less. We find, therefore, that the instructional error in this case did not result in a miscarriage of justice or violate Appellant's rights, as a proper instruction would not have changed the rendering of the fine in this case. No relief is required.
¶8 In proposition two, we find that the trial court gave the general instruction on the credibility of witnesses, OUJI-CR 2d 10-8 (2000 Supp.) Witness Adams might have given a statement to the police as an informer, but at trial he was under no obligation to testify in exchange for leniency, personal advantage, or immunity. The jury was fully aware of Adams' credibility issues, and trial counsel challenged his credibility vigorously. In this case, the general credibility instruction gave sufficient guidance to the jury. The failure to give the additional instruction on the credibility of informers did not result in a miscarriage of justice, nor did it constitute a substantial violation of a constitutional or statutory right. 20 O.S.2011, § 3001.1; Carter, 2006 OK CR 42, ¶ 5, 147 P.3d at 244. No relief, therefore, is required.
¶9 In proposition three, we find that Appellant must show that counsel's conduct was outside the wide range of professionally competent assistance. Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). An appellant must also show that he was prejudiced by showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
¶10 Appellant cannot show that he was prejudiced by the failure of counsel to preserve for review the alleged instructional errors outlined in propositions one and two, by either objecting to instructions given or requesting additional instructions. He cannot show a reasonable probability that the outcome of the proceeding would have been different had counsel requested proper instructions.
¶11 Appellant also claims in this proposition that counsel failed to secure, review, and utilize a video recording of witness Adams' statement to police. Appellant has requested a Rule 3.11 evidentiary hearing based on this failure. However, Appellant has not shown that this recording actually exists, and, if it does, that there is any information helpful to his case. There is no evidence that counsel was ineffective, as appellate counsel has not provided this Court with any evidence. This portion of the proposition must be denied and the motion for an evidentiary hearing is also denied. Rule 3.11, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2016).
¶12 Appellant has not shown that he was deprived of constitutionally required effective assistance of counsel; thus, this proposition must be denied.
¶13 We find in proposition four, that "'[a]llegations of prosecutorial misconduct do not warrant reversal of a conviction unless the cumulative effect was such [as] to deprive the defendant of a fair trial.'" Warner v. State, 2006 OK CR 40, ¶ 197, 144 P.3d 838, 891, quoting Short v. State, 1999 OK CR 15, ¶ 80, 980 P.2d 1081, 1105. Here, the comments of the prosecutor did not deprive Appellant of a fair trial. Thus no relief is required.
DECISION
¶14 The Judgments and Sentences of the district court are AFFIRMED. Appellant's application for an evidentiary hearing and motion to supplement the record is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2016), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
HONORABLE JAMES M. CAPUTO, DISTRICT JUDGE
 
 
APPEARANCES AT TRIAL 
APPEARANCES ON APPEAL 
 
SCOTT GOODE 
RICHARD COUCH 
 
GREGG GRAVES 
ASSISTANT PUBLIC DEFENDER 
 
ASSISTANT PUBLIC DEFENDERS 
423 SOUTH BOULDER 
 
423 SOUTH BOULDER 
SUITE 300 
 
SUITE 300 
TULSA, OK 74103 
 
TULSA, OK 74103 
ATTORNEYS FOR APPELLANT 
 
ATTORNEYS FOR DEFENDANT 
  
 
  
  
 
BEN FU 
E. SCOTT PRUITT 
 
KALI STRAIN 
ATTORNEY GENERAL 
 
ASSISTANT DISTRICT ATTORNEYS 
JOSHUA L. LOCKETT 
 
TULSA COUNTY 
ASSISTANT ATTORNEY GENERAL 
 
500 SOUTH DENVER 
313 N.E. 21ST STREET 
 
TULSA, OK 74103 
OKLAHOMA CITY, OK 73105 
 
ATTORNEYS FOR THE STATE 
ATTORNEYS FOR APPELLEE 
 
  
  

OPINION BY: LEWIS, J.

SMITH, P.J.: Concurs in Results LUMPKIN, V.P.J.: Concurs
JOHNSON, J.: Concurs in Results
HUDSON, J.: Concurs

FOOTNOTES

[1] Daniels must serve 85% of the sentences rendered for first degree murder and shooting with intent to kill. 21 O.S.2011, § 13.1.
 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1989 OK CR 59, 780 P.2d 201, ASHINSKY v. STATE
Discussed
 1994 OK CR 40, 876 P.2d 690, SIMPSON v. STATE
Discussed
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Cited
 2006 OK CR 40, 144 P.3d 838, WARNER v. STATE
Discussed
 2006 OK CR 42, 147 P.3d 243, CARTER v. STATE
Discussed at Length
 2011 OK CR 30, 267 P.3d 114, POSTELLE v. STATE
Discussed
 2012 OK CR 15, 290 P.3d 759, BARNARD v. STATE
Discussed
 1999 OK CR 15, 980 P.2d 1081, 70 OBJ 1223, Short v. State
Discussed
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 64, Fine in Addition to Imprisonment or Community Punishment
Discussed
 21 O.S. 652, Shooting with Intent to Kill - Assault and Battery with Deadly Weapon, etc.
Cited
 21 O.S. 701.7, Murder in the First Degree
Cited