Billy Wayne LOYD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–253.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1981.

D. Hays Foster, Robert H. Macy, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen. of the State of Oklahoma, Timothy S. Frets, Asst. Atty. Gen., Jennie L. McLean, Legal Intern, Norman, for appellee.

## OPINION

BRETT, Judge:

Billy Wayne Loyd has appealed his conviction in the District Court of Oklahoma County, Case No. CRF–78–2068, of Assault and Battery With the Intent to Rape, pursuant to 21 O.S.1971, § 681. The appellant was given a sentence of five (5) years' imprisonment.

The evidence established that on April 7, 1978, the prosecutrix, N.H., and a friend, L.P., were walking along a street in southwestern Oklahoma City when the appellant and Lennie Ward engaged the two girls in conversation and extended them an invitation to go for a ride. During the drive, which took the group to Lake Overholser, the four made several stops.

N.H. and L.P. retreated into the brush, only to discover that the appellant had followed them. N.H. testified that the appellant ordered her to take off her pants and, that when she refused to do so, he slapped her and struck her in the nose, knocking her to the ground. The appellant jumped on top of N.H., persisting in his orders for her to remove her pants. He continued to strike her as she struggled and screamed for help. Lennie Ward pulled the car into a position that allowed the appellant to see the headlights, after L.P. had run back to the car and told him of the appellant's actions. Seeing the lights, the appellant became frightened and ran away.

Lennie Ward took N.H. to a lake ranger who was summoned to aid them. The ranger testified that N.H. had been badly beaten and was hysterical. The testimony of a physician established that N.H. had incurred severe injuries requiring surgery and was faced with the possibility of permanent blockage of her nasal passages.

In the first assignment of error the appellant complains of two instances of testimony of other crimes. The first was L.P.'s testimony that the appellant had pinched and fondled her breast, which had caused an upset earlier in the evening. The second was testimony by one of the investigating officers that he had previously dealt with the appellant in an armed robbery case.

■ The district court admitted the evidence of the appellant's advances on L.P. and admonished the jury that the appellant was only on trial for the assault on N.H., and not for any other acts. It is the State's contention that the testimony of L.P. clearly tended to establish the intent to commit the crime charged, and that the required connection with the charge was present since the appellant's advances toward L.P. were part of a single transaction culminating in the assault on N.H. We reject those theories, in that a sexual advance toward one girl is not part of the sexual assault on a second female, even under the facts of this case; and neither is such evidence relevant to the appellant's intent. Therefore, the evidence should not have been admitted because the appellant was on trial for his assault of N.H., and his behavior toward L.P. was irrelevant. Nevertheless, this Court finds that the error of introducing this evidence was harmless in light of the relative insignificance of his advances toward L.P. when compared to the assault on N.H.

■ The judge also admonished the jury after the police officer's comment regarding the armed robbery, which crime had no connection to the crime for which the appellant was on trial. Furthermore, the responsiveness of the officer's comment is open to question. Nevertheless, the burden is on the appellant to show that he has been injured; and while he did receive the maximum sentence, this Court cannot say that it was undeserved, in view of the severe, and perhaps permanent, injuries inflicted on his victim. We hold this assignment of error to be harmless.

The appellant next contends that the trial court prohibited him from exercising an alleged fundamental right to mitigate punishment through presentation to the jury of evidence of the time he served in jail while awaiting trial. This argument is without merit, since the appellant will automatically receive credit for time served prior to trial pursuant to 57 O.S.Supp.1980, § 138(C). To

allow evidence to be presented to the jury as to the time served would result in the appellant's receiving double credit for his pretrial jail time.

Finally, the appellant maintains that the totality of the evidence fails to sustain the charge of assault and battery with the intent to rape. However, a reading of the transcript reveals that sufficient evidence was presented to sustain the charge. The appellant ordered Ms. Hill to pull down her pants and battered her when she refused; there was testimony that he attempted to pull down her pants himself; and there was further testimony that the appellant made lewd body motions while on top of the prosecutrix. Such evidence would reasonably allow the jury to conclude that the defendant was guilty as charged, and this conviction should not be overturned on that basis. *Hall v. State*, Okl.Cr., 570 P.2d 955 (1977).

Although the matter has not been raised by the appellant, we note that the judgment and sentence imposed by the district court does not reflect the verdict of the jury. The jury found the appellant guilty of Assault and Battery with Intent to Rape, while the Judgment and Sentence indicates a conviction for Attempted Rape in the First Degree. The case must therefore, be REMANDED to the district court with instructions to enter a new judgment and sentence in accordance with the jury's verdict. And AS CORRECTED, the judgment and sentence is AFFIRMED.

CORNISH, P. J., and BUSSEY, J., concur.