**James Edward HALL, Petitioner–Appellant,**

v.

**Robert FURLONG; Attorney General for the State of Colorado, Respondents–Appellees.**

**No. 95–1176.**

United States Court of Appeals, Tenth Circuit.

Feb. 26, 1996.

362

James Edward Hall, pro se.

Gale A. Norton, Attorney General, Paul S. Sanzo, First Assistant Attorney General, Denver, Colorado, for Respondents–Appellees.

Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.

BRORBY, Circuit Judge.

Petitioner James Edward Hall appeals the district court's order denying his petition for habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. We reverse the district court's order and remand for further proceedings.[1]

■ Mr. Hall's petition shows that he was arrested on August 3, 1977, was unable to post bail due to indigency,[2] and therefore remained confined in jail for 219 days prior to being sentenced. After pleading guilty to first degree sexual assault, a class two felony, Mr. Hall received an indeterminate sentence of twenty-seven to fifty years. The fifty-year term was the maximum sentence authorized by law for a class two felony on the date of

1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The State contends that Mr. Hall failed to allege indigency in his petition. We construe liberally the petition of a pro se prisoner. See Ruark v. Solano, 928 F.2d 947, 949 (10th Cir. 1991). In his statement of supporting facts, Mr. Hall states the following:

A person who had been unable to make bond *because of his indigency,* and upon conviction is sentence[d] to the statutory maximum imposable sentence authorized by law, and is not given credit for time spent in custody before trial, during trial, pending sentence and such credit to be given against both minimum and maximum terms of imprisonment, the court is illegally extending the sentence beyond the statutory limits.
R. Vol. I, doc. 3 at 7 (emphasis added)

The petition also indicates that Mr. Hall was represented by the public defender at the time of his arraignment and plea. The habeas petition which Mr. Hall signed was made under penalty of perjury in compliance with 28 U.S.C. § 1746, and thus had the force of an affidavit or sworn declaration.

his offense. *See People v. Hall,* 619 P.2d 492, 492 & n. 2 (Colo.1980).

The Colorado trial court credited Mr. Hall with eighty-four days for time served toward the minimum term of his sentence, but gave him no credit toward his maximum sentence. Mr. Hall contends that he was denied equal protection of the laws when his indigency caused him to remain incarcerated prior to trial, and he failed to receive full credit for time served against both the minimum and maximum terms of his sentence.

The district court, following the recommendation of the magistrate judge assigned to this case, concluded that Mr. Hall's petition did not present a justiciable controversy. It also concluded that failure to award Mr. Hall the requested credit did not violate his rights to due process or to equal protection.

## I.

In *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), the United States Supreme Court determined that when a defendant's aggregate imprisonment resulting solely from involuntary inability to pay a fine or court costs exceeds the maximum term fixed by statute, there is an impermissible discrimination based upon inability to pay. *Id.* at 240–41, 90 S.Ct. at 2021–22. The Court reasoned that "the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status." *Id.* at 244, 90 S.Ct. at 2023–24; *see also Tate v. Short,* 401 U.S. 395, 398–99, 91 S.Ct. 668, 670–71, 28 L.Ed.2d 130 (1971).

Several of our sister circuits have applied the *Williams* rule to require that an indigent unable to post bail receive credit against the maximum sentence for time spent in presentence confinement. *See Johnson v. Riveland,* 855 F.2d 1477, 1484 n. 7 (10th Cir.1988) (citing cases from sister circuits). In *Vasquez v. Cooper,* 862 F.2d 250 (10th Cir.1988), this court declined to extend the rule in *Williams* to situations in which "[an indigent's] total time to be spent in confinement does not exceed the maximum term defined by statute." *Id.* at 254. We reasoned that

when an indigent receives less than the statutory maximum term for his offense, he is in the same position as a defendant who receives bail, because in both cases,

> the total time during which liberty would be deprived ... is specifically considered by the judge. Requiring the judge to determine the sentence necessary to serve the state's penological interests by disregarding the time previously served by the defendant, and then mechanically subtracting that time from the sentence given, would be an artificial and meaningless exercise.

*Id.* at 253.

We did not, however, have occasion in *Vasquez* to determine whether an indigent has a constitutional right to receive credit for time served where his presentence incarceration time, when added to the sentence he received, exceeds the maximum authorized sentence. We acknowledged that a period of confinement which effectively exceeds the maximum authorized by law might implicate other concerns. *Id.* at 253 n. 3; *see also Johnson,* 855 F.2d at 1484 n. 7; *Brotherton v. United States,* 420 F.2d 1357, 1357 (10th Cir.1970) (acknowledging that federal district court had discretion to deny credit where total of sentence time and prior custody was within permissible term); *Davis v. Willingham,* 415 F.2d 344, 345–46 (10th Cir.1969) (adopting presumption that credit for presentence custody not granted where maximum sentence imposed).

## II.

The district court determined, however, that Mr. Hall's challenge to his sentence was not ripe for decision at this time. It reasoned that even though Mr. Hall received the maximum sentence for his crime, since he has served only approximately seventeen years of that sentence and might be released prior to serving the entire sentence on parole or due to good time credits, he was "not at risk at this time for *serving* a sentence in excess of the maximum." R. Vol. I doc. 8 at 2 (emphasis added).

The district court's analysis imports an overly narrow reading to the rule in *Williams* and *Tate.* Although many of the cases cited above, including *Vasquez,* speak

of total "confinement" in excess of the statutory maximum, the fact that Mr. Hall might receive early release is irrelevant to a determination of whether his constitutional rights were violated in this instance. *See Hook v. Arizona,* 496 F.2d 1172, 1174 (9th Cir.1974).[3] The fact that indigents can receive good time credits, just as non-indigents, does not detract from the violation of equal protection which may occur if indigents who receive a maximum sentence do not receive credit for time served. Good time credits are "fixed by statute," just as is the maximum term for a given offense. *See* Colo.Rev.Stat. § 17–22.5–201.

Moreover, under the district court's reasoning, Mr. Hall would have to wait to bring his petition until he had actually served forty-nine years and 146 days of his sentence. This smacks of the prematurity doctrine, rejected by the United States Supreme Court in *Peyton v. Rowe,* 391 U.S. 54, 64, 88 S.Ct. 1549, 1554–55, 20 L.Ed.2d 426 (1968); *see also Preiser v. Rodriguez,* 411 U.S. 475, 487–88, 93 S.Ct. 1827, 1835–36, 36 L.Ed.2d 439 (1973) (discussing applicability of *Peyton* to claims involving good time credits). We conclude that Mr. Hall's petition presents a justiciable controversy.

### III.

We turn to the merits of Mr. Hall's claim. "[W]hen the aggregate imprisonment exceeds the maximum period fixed by the statute and results directly from an involuntary nonpayment of fine or court costs [or, as in this case, an inability to make bail] we are confronted with an impermissible discrimination that rests on ability to pay...." *Williams,* 399 U.S. at 240–41, 90 S.Ct. at 2022. It is impermissible, under the Equal Protection Clause, to require that indigents serve sentences greater than the maximum provided by statute solely by reason of their indigency. When an indigent receives the maximum sentence for his crime, the process of crediting him with time served is no longer an "artificial and meaningless exercise." *Vasquez,* 862 F.2d at 253. We have found no circuit which denies credit for time served under these circumstances. Accordingly, we now hold that the Equal Protection Clause mandates the grant of full credit toward the maximum term of Mr. Hall's sentence for the time he spent incarcerated prior to sentencing due to his indigency.

### IV.

The judgment of the United States District Court for the District of Colorado is REVERSED, and the cause is REMANDED for further proceedings in accordance herewith.[4] The mandate shall issue forthwith.

---

3. *Johnson,* 855 F.2d at 1480–83, cited by the district court, is not to the contrary. In that case, the petitioner unsuccessfully sought credit against a minimum sentence from which he had been paroled, on the ground that he might be reincarcerated at some date in the future. We refused to allow petitioner to "bank" credits against possible future wrongdoing. *Id.* at 1483. The petitioner's possible reincarceration in that case was speculative; Mr. Hall is actually incarcerated at this time.

4. Mr. Hall's petition also requests full credit against his minimum sentence for presentence time served. We find no constitutional violation in denial of this credit, particularly since the function of the minimum term of an indeterminate sentence is to establish a parole date and Mr. Hall is already eligible for parole. *See Vasquez,* 862 F.2d at 254 (sentence not in excess of maximum did not raise equal protection concern based on indigency).