2006 OK CR 42

**Tyler Lee CARTER, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2005–626.**

Court of Criminal Appeals of Oklahoma.

Oct. 3, 2006.

Robin McPhail, C. Kent Bridge, Assistant Public Defenders, Oklahoma City, OK, attorneys for defendant at trial.

Derrick Chance, Steve Deutsch, Assistant District Attorneys, Oklahoma City, OK, attorney for the State at trial.

Andrea Digiglio Miller, Assistant Public Defender, Oklahoma City, OK, attorneys for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jennifer L. Strickland, Assistant Attorney General, Oklahoma City, OK, attorneys for appellee on appeal.

### *OPINION*

LEWIS, Judge.

¶ 1 Tyler Lee Carter, Appellant, was tried by jury and found guilty of Count 1, murder

in the first degree, in violation of 21 O.S.2001, § 701.7(A), in the District Court of Oklahoma County, Case No. CF–2003–2741. The jury sentenced Appellant to life imprisonment without possibility of parole. 21 O.S.2001, § 701.9. The Honorable Twyla Mason Gray, District Judge, imposed judgment and sentence accordingly. Mr. Carter appeals. An extended recitation of the facts is unnecessary.

¶ 2 In Appellant's first proposition of error, he argues the District Court's bifurcation of the trial was reversible error. We disagree. In *McCormick v. State*, 1993 OK CR 6, 845 P.2d 896, this Court held that bifurcation is not authorized in first-degree murder trials where the State is not seeking the death penalty, and there are no previous convictions in other counts requiring bifurcation under 22 O.S.2001, § 860. *Id.* at ¶ 40, 845 P.2d at 903. The District Court's bifurcation violated *McCormick*. However, this Court will not reverse a conviction or modify a sentence unless we find not only error, but some prejudicial effect resulting from that error. *Id.* at ¶ 42, 845 P.2d at 903. Appellant suffered no prejudice from the District Court's action here. Since we find other error that warrants remand for re-sentencing, no additional relief is required.

¶ 3 In Proposition Two, Appellant argues the District Court erred in refusing a requested instruction on the applicability of 21 O.S.Supp.2003, § 13.1, the so-called "85% Rule," limiting parole eligibility for certain offenses, including murder. In *Anderson v. State*, 2006 OK CR 6, 130 P.3d 273, this Court concluded that the 85% Rule is a "specific and readily understood concept of which the jury should be informed" when sentencing defendants for qualifying offenses. *Id.* at ¶ 25, 130 P.3d at 283. Like this case, *Anderson* involved a first degree murder conviction where the jury sentenced Appellant to life without possibility of parole. In deliberations, "the jury sent out a note asking how many years had to be served before a person was eligible for parole." *Id.* at ¶ 10, 130 P.3d at 278. The District Court, without consulting counsel, told the jury it had all the law and evidence necessary to render its decision. Counsel objected to this response

after the verdict. Finding the District Court's instruction did not accurately inform the jury of the effect of the 85% Rule, this Court vacated the sentence and remanded for re-sentencing. *Id.* at ¶ 34, 130 P.3d at 285.

¶ 4 *Anderson* was decided after Appellant's trial. Although *Anderson* stated that the failure to give such an instruction was not grounds for reversal in trials conducted before the opinion, *id.* at ¶ 25, 130 P.3d at 283, this Court has nevertheless applied *Anderson* in cases pending on direct review at the time *Anderson* was decided to determine whether relief in the form of modification or re-sentencing was warranted. *See Griffith v. Kentucky*, 479 U.S. 314, 323, 107 S.Ct. 708, 713, 93 L.Ed.2d 649 (1987) (finding that failure to apply a new rule of criminal procedure to cases pending on direct review when the rule is announced violates a basic norm of adjudication; the nature of judicial review precludes us from "fishing one case from the stream of appellate review, using it as a vehicle for pronouncing new [procedural] standards, and then permitting a stream of similar cases subsequently to flow by unaffected by that new rule"), *quoting United States v. Johnson*, 457 U.S. 537, 546–547, 555, 102 S.Ct. 2579, 2585, 2590, 73 L.Ed.2d 202 (1982).

¶ 5 A violation of *Anderson* is a type of instructional error. We do not automatically reverse a case for instructional error, but rather determine whether the error resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. 20 O.S.2001, § 3001.1; *Ashinsky v. State*, 1989 OK CR 59, ¶ 20, 780 P.2d 201, 207. In Appellant's case, the jury retired to deliberate punishment at 2:50 p.m. At 2:55 p.m., the jury sent out a note asking: "Can you clarify life? What is the minimum # of years served before coming up for parole?" The District Court told the jury it had "all the law and evidence that is proper for you to consider." At 4:25 p.m., the jury returned a verdict imposing life imprisonment without possibility of parole.

¶ 6 The salient facts here are indistinguishable from *Anderson*. While we imply no

criticism of the sentence chosen by the jury in this instance, it is significant that Appellant was seventeen years old when he committed this murder. At minimum, the jury's question asking for clarification of "life" imprisonment is an important indication that a properly instructed jury might have considered a life sentence appropriate due to Appellant's youth at the time of the offense.[1] This Court was particularly concerned in *Anderson* that "jurors are likely to assume that defendants would become parole eligible at a much earlier point in time," resulting in "unnecessary and unfair prejudice to the defendant—due to juries 'rounding up' their sentences, in an attempt to account for their uninformed guesses about the impact of parole." *Anderson*, at ¶ 23, 130 P.3d at 282.

¶ 7 The combination of factors present in this case leaves the Court in grave doubt that the lack of an instruction clarifying the meaning of life imprisonment and the effect of the 85% Rule prejudicially impacted the sentencing deliberations. Because the jury sentenced Appellant without pertinent information about his parole ineligibility under the 85% Rule—information it clearly wanted and believed relevant to its decision—the proper remedy here is to vacate the sentence and remand for a re-sentencing proceeding before a properly instructed jury or, if a jury is waived by Appellant, re-sentencing by the District Court. 22 O.S. 2001, § 929; *Scott v. State*, 1991 OK CR 31, ¶¶ 14, 17, 808 P.2d 73, 77–78.

¶ 8 Appellant's remaining propositions are without merit.

### DECISION

The Judgment of Conviction is **AFFIRMED.** The Sentence of the District Court of Oklahoma County is **REVERSED AND REMANDED FOR RE–SENTENCING.** Pursuant to Rule 3.15, Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. (2005), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

1. The 85% Rule renders Appellant ineligible for parole from a life sentence for thirty-eight (38) years, three (3) months. *In Re: Adoption Of The*

LUMPKIN, V.P.J.: Concurs in Results.

CHAPEL, P.J., A. JOHNSON and C. JOHNSON, JJ.: Concur.

*2006 Revisions To The Oklahoma Uniform Jury Instructions–Criminal (Second Edition),* 2006 OK CR 26, —— P.3d ——, OUJI–CR 2d 10–13B.