2008 OK CR 14

**Gregory Leon HOLLOWAY, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. M–2005–1178.**

Court of Criminal Appeals of Oklahoma.

April 14, 2008.

---

David Phillips, Assistant Public Defender, Tulsa, OK, Attorney for Defendant at trial.

Jared Sigler, Assistant District Attorney, Tulsa, OK, Attorney for State at trial.

Stuart Southerland, Assistant Public Defender, Tulsa, OK, Attorney for Appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Christy A. Baker, Assistant Attorney General, Oklahoma City, OK, Attorneys for Appellee on appeal.

## OPINION

A. JOHNSON, Judge.

¶ 1 In the District Court of Tulsa County, Case No. CF–2004–3365, a jury found Appellant, Gregory Leon Holloway, guilty of Contributing to the Delinquency of a Minor, a misdemeanor, in violation of 21 O.S.2001, § 856(A)(1), and set punishment at one year in jail and a fine of $1,000.00. The Honorable Tom C. Gillert, District Judge, sentenced Holloway in accordance with that verdict on November 18, 2005.

¶ 2 Holloway raises three propositions of error on appeal from this judgment. He contends that the evidence at trial was not sufficient to support his conviction, that his sentence is excessive and should be modified, and that the failure of the trial court to give him credit for time served in jail awaiting trial violated the Equal Protection and Due Process provisions of the United States Constitution.

¶ 3 We find the first contention to be without merit and the second to be made moot by our disposition of the constitutional issue.

## BACKGROUND

¶ 4 The State charged that Holloway provided gin to his fifteen-year-old stepdaughter in a cup of Hawaiian Punch and thereby committed the offense of Contributing to the Delinquency of a Minor in violation of 21 O.S.2001, § 856(A)(1). That statute makes it unlawful for anyone to cause or encourage a minor "to become a delinquent child." At 21 O.S.2001, § 857, there is set out a list of acts

which, if committed by a minor, will cause the minor to be a "delinquent child" for the purposes of Section 856. One of the acts listed is a minor possessing intoxicating liquor. 21 O.S.2001, § 857(4)(g).

¶5 Holloway spent more than six months in jail awaiting trial on that charge. Bond was set initially at $60,000.00 and eventually reduced to $45,000.00—still too high to enable him to get out of jail. Holloway was convicted by jury trial of contributing to the delinquency of a minor and sentenced to serve the maximum sentence, a year in the county jail. At the imposition of sentence, the trial court overruled Holloway's motion for credit for time served.[1]

### 1.

### Sufficiency of the Evidence

 ¶6 In his initial complaint, Holloway conflates two arguments: the evidence presented was insufficient to prove he had provided an alcoholic beverage to a minor, and the jury instructions given imprecisely defined "delinquent child." He made no objection at trial to the instructions given and offered none of his own. We have reviewed the instructions provided and find they adequately state the applicable law.[2] We have also reviewed the evidence at trial and find that it is sufficient to support the jury's finding of guilt.[3]

1. Holloway is currently free on $5,000.00 appeal bond pending the decision of this Court.

2. "[I]f the totality of the instructions fairly and accurately state the applicable law, they are sufficient." Beck v. State, 1991 OK CR 126, ¶20, 824 P.2d 385, 390. Because Holloway did not object to the trial court's instructions, we do not reach his complaint that the jury instructions did not address the "frequent use" portion of Section 857(4)(g) or his complaint that there was no evidence that the stepdaughter frequently used alcohol. Flores v. State, 1995 OK CR 9, ¶4, 896 P.2d 558, 560 (where the defendant fails to object and submit alternative instructions, review is limited to plain error).

3. When determining a sufficiency of the evidence claim on appeal, "the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of

### 2.

### The Sentencing Order

 ¶7 Holloway was sentenced to the maximum time in jail provided by law and assessed a fine of $1,000.00. At the time of sentencing, although he had served more than six months awaiting trial, the Court denied his motion to be given credit for time served. Holloway argues that this denial of credit violated his constitutional right to equal protection under the law because his punishment is greater than that a non-impoverished person would suffer under the same circumstances.

 ¶8 As the State correctly argues, it is a matter of well settled law that the sentencing judge in Oklahoma has discretion in deciding whether to allow a defendant credit for time served in jail before sentencing.[4] We make no change to that general rule. None of the cases relied upon by the State, however, has required this Court to consider the particular issue Holloway presents here—whether the denial of credit for time served to a bailable but indigent defendant violates the Equal Protection Clause when that defendant is sentenced to serve the maximum time of imprisonment. This is a case of first impression.

¶9 In support of his argument, Holloway relies on authorities from other jurisdictions holding that the imposition of a maximum sentence of time to serve requires jail time credit be allowed a defendant who has been

the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); accord Spuehler v. State, 1985 OK CR 132, ¶7, 709 P.2d 202, 203–04.

4. See, e.g., Shepard v. State, 1988 OK CR 97, ¶21, 756 P.2d 597, 602 ("While it is common practice for the trial judge to give credit for time served, there is no authority mandating such credit or making it abuse of discretion to fail to give it."); In re Tidwell, 1957 OK CR 33, ¶4, 309 P.2d 302, 304 (observing that "there is no statute in Oklahoma requiring the trial court to give credit for time spent in custody prior to trial," and that "in the absence of statute the convict is not entitled as a matter of absolute right to credit for the time spent in prison awaiting trial") (internal quotation marks omitted).

held in custody pending trial because his indigence prevented his release.[5]

¶ 10 Of these cited cases, we find the Tenth Circuit's decision in *Hall v. Furlong,* 77 F.3d 361, 364 (10th Cir.1996), particularly persuasive. In *Hall,* the Tenth Circuit concluded:

> It is impermissible, under the Equal Protection Clause, to require that indigents serve sentences greater than the maximum provided by statute solely by reason of their, indigency. When an indigent receives the maximum sentence for his crime, the process of crediting him with time served is no longer an "artificial and meaningless exercise." We have found no circuit which denies credit for time served under these circumstances. Accordingly, we now hold that the Equal Protection Clause mandates the grant of full credit toward the maximum term of Mr. Hall's sentence for the time he spent incarcerated prior to sentencing due to his indigency.

*Hall,* 77 F.3d at 364 (citation omitted).

¶ 11 We agree with the reasoning of the Tenth Circuit and find it equally applicable to Holloway's circumstances here. We hold that the Equal Protection Clause mandates Holloway be given appropriate credit for the time he was confined in jail awaiting trial and financially unable to make bond.

## DECISION

¶ 12 The Judgment and Sentence of the District Court is **AFFIRMED; PROVIDED, HOWEVER,** the District Court's order denying Appellant Holloway credit for time served shall be **MODIFIED** to accord him credit for all time prior to sentencing that he was confined and bailable upon matters pending in CF–2004–3365. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2007), **MANDATE IS ORDERED ISSUED** upon the filing of this decision.

C. JOHNSON, V.P.J., CHAPEL and LEWIS, JJ.: concur.

LUMPKIN, P.J.: Concur in Part, Dissent in Part.

LUMPKIN, Presiding Judge: Concur in Part/Dissent in Part.

¶ 1 I concur in the Court's decision to affirm the conviction in this case but I must dissent to the modification of sentence. The Appellant fled the state prior to the filing of charges and remained in Florida for an extended period of time. Appellant's bail was set to address his flight risk and it is inaccurate to say his jail time was extended solely because of his indigency. If he had not fled to Florida, he more likely than not would have been released on his own recognizance or a minimum amount of bail. The facts do not support an exception to the rule in this case and the sentence should be affirmed as imposed.

**5.** Those cases include: *Crowden v. Bowen,* 734 F.2d 641, 642 (11th Cir.1984) (per curiam) ("The equal protection clause does not allow a state to extend a prisoner's sentence beyond the maximum period prescribed by law by refusing to give the prisoner credit for presentencing detention occasioned by the prisoner's financial inability to make bail."); *Hook v. Arizona,* 496 F.2d 1172, 1174 (9th Cir.1974) (per curiam) ("[T]ime a defendant spends in jail before sentence because he is unable to raise bond must be credited if he is later sentenced to a maximum term. '[T]he inability of an indigent criminal defendant to make bond should not result in extending the duration of his imprisonment beyond the statutory maximum.' "); *Hill v. Wainwright,* 465 F.2d 414, 415 (5th Cir.1972) (per curiam) ("a state prisoner who has received the maximum imposable prison sentence for an offense must be given credit for all presentence jail time if he was unable to make bail due to his indigence"); *Gelis v. State,* 287 So.2d 368, 369 (Fla.Dist.Ct.App. 1973) (per curiam) ("it has become clear that one sentenced to a maximum term must be given credit for time spent in jail awaiting trial where the pre-trial detention was a consequence of the prisoner's indigency").