LUNA-GONZALES v. STATE

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:LUNA-GONZALES v. STATE

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

LUNA-GONZALES v. STATE2019 OK CR 11Case Number: F-2018-243Decided: 05/23/2019IVAN LUNA-GONZALES, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2019 OK CR 11, __ __

 

OPINION

LUMPKIN, JUDGE:

¶1 Appellant, Ivan Luna-Gonzales, was tried by jury and convicted of Domestic Assault and Battery with Dangerous Weapon (21 O.S.Supp.2014, § 644(D)(1)) in District Court of Payne County Case Number CF-2016-837. The jury recommended as punishment imprisonment for two (2) years. The trial court sentenced Appellant accordingly and denied Appellant credit for the time that he spent in jail awaiting trial. It is from this judgment and sentence that Appellant appeals.

¶2 Appellant resided with the mother of his child in Stillwater, Payne County, Oklahoma. When the victim asked him to leave her home on October 26, 2016, Appellant repeatedly struck her with a two-by-four on the head and hand causing the victim great bodily injury requiring 14 staples. Appellant only ended his attack on the victim after her eight-year-old son cried out for him to stop. Appellant sliced his wrist with a steak knife and fled into the nearby woods. The Stillwater Police Department tracked Appellant with a canine whereupon he surrendered to the officers. Appellant denied striking the victim at trial and further denied confessing to the social worker that visited him in the jail. He asserted that the victim had injured herself. The physician that treated the victim explained that it was very unlikely that she caused her own injuries.

¶3 In his sole proposition of error, Appellant contends that the trial court violated 57 O.S.Supp.2015, § 138(G) when it refused to grant him credit for the time he spent in jail while awaiting trial. He argues that the trial court misinterpreted § 138(G).

¶4 This Court has not had the opportunity to specifically construe § 138(G). However, the rules of statutory construction are well settled. Wells v. State, 2016 OK CR 28, ¶ 6, 387 P.3d 966, 968. Statutes are to be construed according to the plain and ordinary meaning of their language. Id.; State v. Young, 1999 OK CR 14, ¶ 27, 989 P.2d 949, 955. The fundamental principle of statutory construction is to ascertain and give effect to the intention of the Legislature as expressed in the statute. Arganbright v. State, 2014 OK CR 5, ¶ 17, 328 P.3d 1212, 1216; Young, 1999 OK CR 14, ¶ 27, 989 P.2d at 955. "Each part of the various statutes must be given intelligent effect. This Court avoids any statutory construction which would render any part of a statute superfluous or useless." Wells, 2016 OK CR 28, ¶ 6, 387 P.3d at 968 (citations omitted).

¶5 Title 57 governs the State's prisons and reformatories. Section 138 of this title enacts and sets forth the requirements of the Oklahoma Department of Corrections' policies and procedures concerning inmate classification, achievement and earned credits. Section 138(G) provides:

Inmates granted medical leaves for treatment that cannot be furnished at the penal institution where incarcerated shall be allowed the time spent on medical leave as time served. Any inmate placed into administrative segregation for nondisciplinary reasons by the institution's administration may be placed in Class 2. The length of any jail term served by an inmate before being transported to a state correctional institution pursuant to a judgment and sentence of incarceration shall be deducted from the term of imprisonment at the state correctional institution. Inmates sentenced to the Department of Corrections and detained in a county jail as a result of the Department's reception scheduling procedure shall be awarded earned credits as provided for in subparagraph b of paragraph 1 of subsection D of this section, beginning on the date of the judgment and sentence, unless the inmate is convicted of a misdemeanor or felony committed in the jail while the inmate is awaiting transport to the Lexington Assessment and Reception Center or other assessment and reception location determined by the Director of the Department of Corrections.

¶6 It is apparent from the plain language of the statute that this statutory provision does not govern the time that a criminal defendant spends in jail while awaiting trial. Instead, it is clear from the language of § 138 and specifically subsection G that the Oklahoma Legislature intended this statutory provision to control an inmate's accrual of credit towards his or her prison sentence after the imposition of the requisite judgment and sentence. Nothing within § 138(G) requires the trial court to grant "jail credit," i.e., the deduction of the time that a criminal defendant was confined while awaiting trial from his or her final sentence. See Black's Law Dictionary 851 (8th ed. 2004).

¶7 This construction is consistent with our established precedent. "[I]t is a matter of well settled law that the sentencing judge in Oklahoma has discretion in deciding whether to allow a defendant credit for time served in jail before sentencing." Holloway v. State, 2008 OK CR 14, ¶ 8, 182 P.3d 845, 847; see also In re Tidwell, 1957 OK CR 33, ¶ 4, 309 P.2d 302, 304 (observing that "there is no statute in Oklahoma requiring the trial court to give credit for time spent in custody prior to trial," and that "in the absence of statute the time that the defendant has spent in jail awaiting trial forms no part of the time for which he was sentenced.") (quotations and citations omitted). "While it is common practice for the trial judge to give credit for time served, there is no authority mandating such credit or making it abuse of discretion to fail to give it." Shepard v. State, 1988 OK CR 97, ¶ 21, 756 P.2d 597, 602.

¶8 Solely focusing on the single sentence within § 138(G) which mentions "any jail term," Appellant argues that the statutory provision requires that a criminal defendant receive credit for any time he spent in jail following the time of his arrest. However, this construction of the statutory provision violates the fundamental principle that we ascertain and give effect to the intention of the Legislature as expressed in the statute. Young, 1999 OK CR 14, ¶ 27, 989 P.2d at 955. It is clear from the plain language of the statute that the Legislature solely intended § 138(G) to implement a system of inmate classification and earned credits applicable to prisoners already convicted and sentenced. The entirety of Section 138 and Subsection G both deal with "inmates" that have already incurred "a judgment and sentence." The credit referenced in § 138(G) does not apply to pretrial jail time. It is not jail credit. Instead, § 138(G) only applies to jail terms which occur after imposition of a judgment and sentence.

¶9 Citing Loyd v. State, 1981 OK CR 5, 624 P.2d 74, Appellant argues that this Court interpreted similar language within 57 O.S.Supp.1980, § 138(C) as meaning a defendant would receive credit for the time he served in jail prior to trial. However, Loyd is neither controlling nor persuasive on the present case. As outlined above, Loyd is in conflict with the great weight of our cases on this point. The Oklahoma Legislature has amended and modified the language within § 138 on numerous instances since 1980, thus, impliedly overruling Loyd. It is clear from the plain language of 57 O.S.Supp.2015, § 138(G) that a criminal defendant only receives automatic credit for jail terms which occur after imposition of a judgment and sentence. To the extent that Loyd may be read as inconsistent with the present case it is expressly overruled.

¶10 Reviewing the trial court's determination in the present case, we find that the trial court did not abuse its discretion. See Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170. Appellant was arrested on October 26, 2016 and was continuously in the custody of the Sheriff of Payne County because the United States Immigrations and Customs Enforcement was seeking to deport him and placed a hold with the Sheriff on his person. Appellant's original trial in June of 2017 resulted in a mistrial when the jury became deadlocked and was unable to reach a verdict. He was retried and the trial court imposed Judgment and Sentence on him on February 23, 2018. The trial court refused to give Appellant credit for the time he was confined in jail awaiting trial because Appellant had refused to cooperate with the ordered presentence investigation.

¶11 In Holloway, this Court concluded that the imposition of a maximum punishment on an indigent defendant without credit for the time he was confined in jail awaiting trial and financially unable to make bond violated the Equal Protection Clause. Holloway, 2008 OK CR 14, ¶¶ 8-11, 182 P.3d at 847-48. We mandated that "jail time credit" be allowed in this circumstance. Id.

¶12 Appellant could not have gained release from the county jail without resolving the immigration hold lodged against him. Thus, it was the hold which necessitated his pretrial confinement. Since Appellant was not confined in jail awaiting trial due to financial inability to make bond, the trial court was not required to give him "jail time credit" under Holloway. In light of Appellant's refusal to cooperate with the Court ordered presentence investigation, we cannot find that trial court's determination was an abuse of discretion. Proposition One is denied.

DECISION

¶13 The Judgment and Sentence of the District Court is hereby AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2019), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF PAYNE COUNTY
THE HONORABLE PHILLIP CORLEY, DISTRICT JUDGE

APPEARANCES AT TRIAL

APPEARANCES ON APPEAL

 
 

ROYCE HOBBS
ATTORNEY AT LAW
801 S. MAIN ST., #16
STILLWATER, OK 74074
COUNSEL FOR DEFENDANT

ARIEL PARRY
APPELLATE COUNSEL
OKLA. INDIGENT DEFENSE
P.O. BOX 926
NORMAN, OK 73070
COUNSEL FOR APPELLANT

 
 

DEBRA VINCENT
ASST. DISTRICT ATTORNEY
606 S. HUSBAND ST., # 111
STILLWATER, OK 74074
COUNSEL FOR THE STATE

MIKE HUNTER
ATTORNEY GENERAL OF OKLA.
JENNIFER B. WELCH
ASST. ATTORNEY GENERAL
313 N.E. 21ST ST.
OKLAHOMA CITY, OK 73105
COUNSEL FOR THE STATE

 

OPINION BY: LUMPKIN, J.

LEWIS, P.J.: Concur
KUEHN, V.P.J.: Concur
HUDSON, J.: Concur
ROWLAND, J.: Concur

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Court of Criminal Appeals Cases
 CiteNameLevel

 1988 OK CR 97, 756 P.2d 597, SHEPARD v. STATEDiscussed
 2008 OK CR 14, 182 P.3d 845, HOLLOWAY v. STATEDiscussed at Length
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATEDiscussed
 2014 OK CR 5, 328 P.3d 1212, ARGANBRIGHT v. STATEDiscussed
 2016 OK CR 28, 387 P.3d 966, WELLS v. STATEDiscussed at Length
 1957 OK CR 33, 309 P.2d 302, IN RE TIDWELLDiscussed
 1981 OK CR 5, 624 P.2d 74, LOYD v. STATEDiscussed
 1999 OK CR 14, 989 P.2d 949, 70 OBJ 1076, State v. YoungDiscussed at Length
Title 21. Crimes and Punishments
 CiteNameLevel

 21 O.S. 644, Punishment for Assault and BatteryCited
Title 57. Prisons and Reformatories
 CiteNameLevel

 57 O.S. 138, Credits for Good Conduct, Blood Donations, Training Program Participation, etc.Discussed at Length

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA