OSCN Found Document:TAYLOR v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 TAYLOR v. STATE
2024 OK CR 26
Case Number: F-2022-776
Decided: 08/29/2024
BRUCE LEE TAYLOR, Appellant v. STATE OF OKLAHOMA, Appellee

Cite as: 2024 OK CR 26, __ __

 

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant, Bruce Lee Taylor, was convicted by a jury in the District Court of Osage County, Case No. CF-2019-367, of Counts 1, 2 and 3: Lewd Molestation, in violation of 21 O.S.Supp.2017, § 1123; and Counts 4 and 5: Sexual Battery, in violation of 21 O.S.Supp.2017, § 1123(B). The jury sentenced Taylor to life imprisonment each on Counts 1, 2 and 3, and ten-years imprisonment each on Counts 4 and 5.

¶2 The Honorable Stuart L. Tate, District Judge, presided at trial and pronounced judgment and sentence in accordance with the jury's verdicts. Judge Tate ordered the sentences to run consecutively and granted no credit for time served. The court further imposed various costs and fees. Appellant must serve 85% of his Counts 1, 2 and 3 sentences before he is parole eligible. 21 O.S.Supp.2015, § 13.1

¶3 Taylor now appeals and raises the following propositions of error: (1) the wrong instruction regarding the 85% Rule was given to the jury; (2) the prosecutor made a material misstatement of the law that diminished the jury's sense of responsibility when imposing sentence; and (3) the trial court erred in not ordering credit for time served because Appellant was indigent, unable to post bond, and received the maximum possible punishment.

¶4 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find no relief is required under the law and evidence. Appellant's judgment and sentence is AFFIRMED.

¶5 Proposition I. Appellant complains that the trial court gave the wrong instruction regarding the 85% Rule. See OUJI-CR(2d) No. 10-13A and OUJI-CR(2d) No. 10-13B. Appellant concedes that he waived appellate review of this claim for all but plain error when he failed to raise this challenge at trial. See Splawn v. State, 2020 OK CR 20, ¶ 5, 477 P.3d 394, 397 (failure to request an instruction or object to its omission waives review of the claim for all but plain error). To demonstrate plain error, "Appellant must show an actual or obvious error affecting his substantial rights, meaning it affected the outcome of the proceedings." Swager v. State, 2024 OK CR 12, ¶ 7, 548 P.3d 794, 798. Even then, we will only correct plain error if the error "seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice." Id.; 20 O.S.2021, § 3001.1.

¶6 The State concedes that an actual or obvious error occurred but argues the error did not affect his substantial rights. We agree. The trial court gave the jury the standard instruction regarding the 85% Rule (OUJI-CR(2d) No. 10-13A). However, because life imprisonment was an option on Counts 1, 2 and 3, the jury should have been instructed pursuant to Instruction No. 10-13B, which notifies jurors how a life sentence would be calculated in relation to the 85% Rule."[1]

¶7 Despite this error, Appellant fails to show plain error warranting relief. See Cannon v. State, 1998 OK CR 28, ¶ 36, 961 P.2d 838, 839 ("[D]eviation from the uniform instructions does not require automatic reversal." (quoting Flores v. State, 1995 OK CR 9, ¶ 5, 896 P.2d 558, 560)); see also Henderson v. Kibbe, 431 U.S. 145, 155 (1977) ("An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."). This Court has granted some type of sentencing relief in cases where either 10-13A or 10-13B was not given, and jurors had questions about terms of a life sentence. See Ball v. State, 2007 OK CR 42, ¶¶ 52-56, 173 P.3d 81, 94-95; Carter v. State, 2006 OK CR 42, ¶¶ 5-7, 147 P.3d 243, 244-45. This factor, however, is not present here as no jury confusion is indicated in the record. While the jury asked the trial court if it should "assign [a] term for each count" and whether the sentences would run concurrently or consecutively, it had no questions about parole eligibility or the meaning of life imprisonment. Moreover, the record shows that the jury clearly set out to impose the maximum punishment available on each count. The evidence was overwhelming and horrific, and more than supports the jury's verdicts.

¶8 Appellant fails to show the submission of Instruction No. 10-13A instead of 10-13B affected his substantial rights or the outcome of the proceedings. See 20 O.S.2021, § 3001.1; Carter, 2006 OK CR 42, ¶ 5, 147 P.3d at 244. Proposition I is denied.

¶9 Proposition II. Appellant complains the prosecutor made a material misstatement of law during voir dire that diminished the jury's sense of responsibility when imposing sentence.[2] He asserts this error went uncorrected and speculates it "encourage[d] jurors to 'round up' punishment and let the court moderate it." Because Appellant failed to object to the prosecutor's challenged statement, our review of this claim is limited to plain error. See Bivens v. State, 2018 OK CR 33, ¶ 20, 431 P.3d 985, 994. Appellant fails to show actual or obvious error on this record.

¶10 The prosecutor's one-off remark in this case does not come close to the type of argument condemned in Caldwell v. Mississippi, 472 U.S. 320 (1985). Unlike the prosecutor in Caldwell, the prosecutor's challenged remark here was a stray comment that was not argued again. Moreover, Appellant cites no decision from the Supreme Court extending Caldwell to a noncapital case like his.

¶11 Though unartfully stated, the prosecutor's remark, read in context, was merely seeking to identify potential jurors that for moral or religious reasons could not impose punishment. It is difficult to see how the prosecutor's isolated comment led Appellant's jurors to believe that responsibility for the sentencing decision rested elsewhere. The jury was instructed that it was their "responsibility as jurors . . . to determine punishment" if they found Appellant guilty pursuant to their deliberations. OUJI-CR(2d) No. 10-2 (emphasis added). The jury was instructed too that if they found Appellant guilty, they "shall then determine the proper punishments." OUJI-CR(2d) No. 10-13 (emphasis added). "Jurors are presumed to follow their instructions." Perez v. State, 2023 OK CR 1, ¶ 7, 525 P.3d 46, 49.

¶12 Under these circumstances, Appellant fails to show an actual or obvious error stemming from the prosecutor's lone remark concerning the jury's sentencing responsibility. Proposition II is denied.

¶13 Proposition III. Appellant claims that he is entitled to credit for the time he spent in jail prior to the disposition of his case because he received the maximum sentences on each count and was unable to post bond because of his indigency. See Holloway v. State, 2008 OK CR 14, ¶¶ 9-11, 182 P.3d 845, 847-48 (holding Equal Protection Clause mandates credit for time served to indigent defendants sentenced to maximum sentence for time spent incarcerated prior to trial while financially unable to make bond). Appellant complains that the trial court's order denying him credit for time served will extend the date he can be considered for parole and require him to serve sentences greater than the maximum provided by statute for each count. Appellant seeks credit for some 1,016 days.

¶14 Appellant neither requested credit for time served nor objected to the trial court's order denying him such credit. Our review of this claim is thus limited to plain error. See Simpson v. State, 1994 OK CR 40, ¶ 2, 876 P.2d 690, 693. Appellant fails to show error, plain or otherwise.

¶15 The trial court generally retains discretion to grant credit for time served. Luna-Gonzales v. State, 2019 OK CR 11, ¶ 7, 442 P.3d 171, 174. Moreover, the Holloway exception is inapplicable in this case because Appellant was sentenced to three life terms. Appellant's life sentences are an indefinite punishment term, cannot be defined as a matter of years, and endure for the natural life of Appellant. See Lee v. State, 2018 OK CR 14, ¶ 10 n.1, 422 P.3d 782, 785 n.1 (stating that "a life sentence means the natural life of the offender," and that the policy of using forty-five years to determine when parole will be considered on a life sentence "does not affect the actual sentence."). A life sentence thus cannot be increased beyond the maximum sentence by denying credit for time served in jail pending trial. While denial of credit for time served could affect the date on which Appellant becomes eligible for parole consideration, it is only speculation when he might be released. Unless he is paroled, he will remain imprisoned for his natural life, regardless of any credit for time served.

¶16 The trial court's order denying Appellant credit for time served does not amount to error, much less plain error, in this case. Proposition III is denied.

DECISION

¶17 The Judgment and Sentence of the District Court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM 
THE DISTRICT COURT OF OSAGE COUNTY
THE HONORABLE STUART L. TATE, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 C. SCOTT LOFTIS
 ATTORNEY AT LAW
 2002 N. 14TH STREET
 PONCA CITY, OK 74601
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 MARK HOOVER
 OKLA. INDIGENT DEFENSE
 SYSTEM
 111 N. PETERS AVE.
 SUITE 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT
 
 
 
 
 BRETT MIZE
 ASST. DISTRICT ATTORNEY
 OSAGE COUNTY
 628 ½ KIHEKAH
 THIRD FLOOR
 PAWHUSKA, OK 74056
 COUNSEL FOR THE STATE
 
 
 GENTNER F. DRUMMOND
 OKLA. ATTORNEY GENERAL
 KEELEY L. MILLER
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: HUDSON, J.
ROWLAND, P.J.: CONCUR
MUSSEMAN, V.P.J.: CONCUR
LUMPKIN, J.: CONCUR
LEWIS, J.: CONCUR

FOOTNOTES

[1] In addition to the language contained in Instruction No. 10-13A, Instruction No. 10-13B instructs that the calculation of eligibility for parole for a life sentence "is based upon a term of forty-five (45) years, so that a person would be eligible for consideration for parole after thirty-eight (38) years and three (3) months. However, if a person is not granted parole, he or she will be imprisoned for the remainder of his or her natural life while serving a sentence of life imprisonment." OUJI-CR(2d) No. 10-13B.

[2] During voir dire, the prosecutor asked the potential jurors if anyone would have any religious or moral objections to imposing punishment if the State met its burden of proving Appellant guilty beyond a reasonable doubt. The prosecutor then informed the potential jurors:

Not every state is like that, Oklahoma is fairly unique that you're not only the fact finder, you listen to the evidence and you decide whether the State's met its burden of proof or not, but if you find that we do meet our burden of proof, you actually render a judgment. And so the judge will ultimately be the one who sentences somebody but you recommend a punishment.

(emphasis added).

 

 

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1994 OK CR 40, 876 P.2d 690, 
SIMPSON v. STATE
Discussed

 
1995 OK CR 9, 896 P.2d 558, 
FLORES v. STATE
Discussed

 
2006 OK CR 42, 147 P.3d 243, 
CARTER v. STATE
Discussed at Length

 
2007 OK CR 42, 173 P.3d 81, 
BALL v. STATE
Discussed

 
2008 OK CR 14, 182 P.3d 845, 
HOLLOWAY v. STATE
Discussed

 
2018 OK CR 14, 422 P.3d 782, 
LEE v. STATE
Discussed

 
2018 OK CR 33, 431 P.3d 985, 
BIVENS v. STATE
Discussed

 
2019 OK CR 11, 442 P.3d 171, 
LUNA-GONZALES v. STATE
Discussed

 
2020 OK CR 20, 477 P.3d 394, 
SPLAWN v. STATE
Discussed

 
2023 OK CR 1, 525 P.3d 46, 
PEREZ v. STATE
Discussed

 
2024 OK CR 12, 548 P.3d 794, 
SWAGER v. STATE
Discussed

 
1998 OK CR 28, 961 P.2d 838, 69 OBJ 1803, 
Cannon v. State
Discussed

Title 20. Courts

 
Cite
Name
Level

 
20 O.S. 3001.1, 
Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Discussed

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 13.1, 
Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited

 
21 O.S. 1123, 
Lewd or Indecent Proposals or Acts to Child Under 16
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA