TAYLOR v. STATE
2024 OK CR 26
Case Number: F-2022-776
Decided: 08/29/2024
BRUCE LEE TAYLOR, Appellant v. STATE OF OKLAHOMA, Appellee
Cite as: 2024 OK CR 26, __ __

 

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant, Bruce Lee Taylor, was convicted by a jury in the District Court of Osage County, Case No. CF-2019-367, of Counts 1, 2 and 3: Lewd Molestation, in violation of 21 O.S.Supp.2017, § 112321 O.S.Supp.2017, § 1123

¶2 The Honorable Stuart L. Tate, District Judge, presided at trial and pronounced judgment and sentence in accordance with the jury's verdicts. Judge Tate ordered the sentences to run consecutively and granted no credit for time served. The court further imposed various costs and fees. Appellant must serve 85% of his Counts 1, 2 and 3 sentences before he is parole eligible. 21 O.S.Supp.2015, § 13.1

¶3 Taylor now appeals and raises the following propositions of error: (1) the wrong instruction regarding the 85% Rule was given to the jury; (2) the prosecutor made a material misstatement of the law that diminished the jury's sense of responsibility when imposing sentence; and (3) the trial court erred in not ordering credit for time served because Appellant was indigent, unable to post bond, and received the maximum possible punishment.

¶4 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find no relief is required under the law and evidence. Appellant's judgment and sentence is AFFIRMED.

¶5 Proposition I. Appellant complains that the trial court gave the wrong instruction regarding the 85% Rule. See OUJI-CR(2d) No. 10-13A and OUJI-CR(2d) No. 10-13B. Appellant concedes that he waived appellate review of this claim for all but plain error when he failed to raise this challenge at trial. See Splawn v. State, 2020 OK CR 20477 P.3d 394Swager v. State, 2024 OK CR 12548 P.3d 794Id.; 20 O.S.2021, § 3001.1

¶6 The State concedes that an actual or obvious error occurred but argues the error did not affect his substantial rights. We agree. The trial court gave the jury the standard instruction regarding the 85% Rule (OUJI-CR(2d) No. 10-13A). However, because life imprisonment was an option on Counts 1, 2 and 3, the jury should have been instructed pursuant to Instruction No. 10-13B, which notifies jurors how a life sentence would be calculated in relation to the 85% Rule."

¶7 Despite this error, Appellant fails to show plain error warranting relief. See Cannon v. State, 1998 OK CR 28961 P.2d 838Flores v. State, 1995 OK CR 9896 P.2d 558see also Henderson v. Kibbe, 431 U.S. 145, 155 (1977) ("An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."). This Court has granted some type of sentencing relief in cases where either 10-13A or 10-13B was not given, and jurors had questions about terms of a life sentence. See Ball v. State, 2007 OK CR 42173 P.3d 81Carter v. State, 2006 OK CR 42147 P.3d 243

¶8 Appellant fails to show the submission of Instruction No. 10-13A instead of 10-13B affected his substantial rights or the outcome of the proceedings. See 20 O.S.2021, § 3001.1Carter, 2006 OK CR 42

¶9 Proposition II. Appellant complains the prosecutor made a material misstatement of law during voir dire that diminished the jury's sense of responsibility when imposing sentence.See Bivens v. State, 2018 OK CR 33431 P.3d 985

¶10 The prosecutor's one-off remark in this case does not come close to the type of argument condemned in Caldwell v. Mississippi, 472 U.S. 320 (1985). Unlike the prosecutor in Caldwell, the prosecutor's challenged remark here was a stray comment that was not argued again. Moreover, Appellant cites no decision from the Supreme Court extending Caldwell to a noncapital case like his.

¶11 Though unartfully stated, the prosecutor's remark, read in context, was merely seeking to identify potential jurors that for moral or religious reasons could not impose punishment. It is difficult to see how the prosecutor's isolated comment led Appellant's jurors to believe that responsibility for the sentencing decision rested elsewhere. The jury was instructed that it was their "responsibility as jurors . . . to determine punishment" if they found Appellant guilty pursuant to their deliberations. OUJI-CR(2d) No. 10-2 (emphasis added). The jury was instructed too that if they found Appellant guilty, they "shall then determine the proper punishments." OUJI-CR(2d) No. 10-13 (emphasis added). "Jurors are presumed to follow their instructions." Perez v. State, 2023 OK CR 1525 P.3d 46

¶12 Under these circumstances, Appellant fails to show an actual or obvious error stemming from the prosecutor's lone remark concerning the jury's sentencing responsibility. Proposition II is denied.

¶13 Proposition III. Appellant claims that he is entitled to credit for the time he spent in jail prior to the disposition of his case because he received the maximum sentences on each count and was unable to post bond because of his indigency. See Holloway v. State, 2008 OK CR 14182 P.3d 845

¶14 Appellant neither requested credit for time served nor objected to the trial court's order denying him such credit. Our review of this claim is thus limited to plain error. See Simpson v. State, 1994 OK CR 40876 P.2d 690

¶15 The trial court generally retains discretion to grant credit for time served. Luna-Gonzales v. State, 2019 OK CR 11442 P.3d 171Holloway exception is inapplicable in this case because Appellant was sentenced to three life terms. Appellant's life sentences are an indefinite punishment term, cannot be defined as a matter of years, and endure for the natural life of Appellant. See Lee v. State, 2018 OK CR 14422 P.3d 782

¶16 The trial court's order denying Appellant credit for time served does not amount to error, much less plain error, in this case. Proposition III is denied.

DECISION

¶17 The Judgment and Sentence of the District Court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM 
THE DISTRICT COURT OF OSAGE COUNTY
THE HONORABLE STUART L. TATE, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 C. SCOTT LOFTIS
 ATTORNEY AT LAW
 2002 N. 14TH STREET
 PONCA CITY, OK 74601
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 MARK HOOVER
 OKLA. INDIGENT DEFENSE
 SYSTEM
 111 N. PETERS AVE.
 SUITE 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT
 
 
 
 
 BRETT MIZE
 ASST. DISTRICT ATTORNEY
 OSAGE COUNTY
 628 ½ KIHEKAH
 THIRD FLOOR
 PAWHUSKA, OK 74056
 COUNSEL FOR THE STATE
 
 
 GENTNER F. DRUMMOND
 OKLA. ATTORNEY GENERAL
 KEELEY L. MILLER
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: HUDSON, J.
ROWLAND, P.J.: CONCUR
MUSSEMAN, V.P.J.: CONCUR
LUMPKIN, J.: CONCUR
LEWIS, J.: CONCUR

FOOTNOTES

voir dire, the prosecutor asked the potential jurors if anyone would have any religious or moral objections to imposing punishment if the State met its burden of proving Appellant guilty beyond a reasonable doubt. The prosecutor then informed the potential jurors:

Not every state is like that, Oklahoma is fairly unique that you're not only the fact finder, you listen to the evidence and you decide whether the State's met its burden of proof or not, but if you find that we do meet our burden of proof, you actually render a judgment. And so the judge will ultimately be the one who sentences somebody but you recommend a punishment.

(emphasis added).